UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER 24-245 |
| KERNELIUS ALFORD | * | SECTION "D" |

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE, FRUITS, AND STATEMENTS ON MAY 2, 2024**

**NOW INTO COURT**, comes defendant Kernelius Alford, who respectfully moves this Honorable Court to suppress all evidence and statements obtained by law enforcement on May 2, 2024. As explained herein, law enforcement illegally searched Mr. Alford's car in violation of the Fourth Amendment and compelled statements in violation of the Fifth Amendment. Thus, suppression of all evidence and fruits derived from deputies' unlawful search, as well as Mr. Alford's statements, is mandated.

**I.      Factual Background**

On May 2, 2024, a Jefferson Parish Sheriff's Office (JPSO) deputy attempted to stop Kernelius Alford for an alleged traffic violation (obstructed license plate). Exhibit 1 at 8. According to law enforcement, Mr. Alford did not pull over, but instead started speeding, ran a stop sign, struck another car, and kept driving. *Id*. He then stopped, exited his vehicle, and attempted to flee on foot. *Id*. A deputy (hereafter "the arresting officer") gave chase and arrested him in the backyard of a nearby house and then escorted him back to his police vehicle. Exhibit 2 at 1:20.

Once Alford was in the back of the police car, the arresting officer asked Mr. Alford if "he had anything else on him." *Id* at 3:28. Mr. Alford responded that he had two firearms in his vehicle. *Id*. The arresting officer then attempted to elicit an incriminating statement by asking Mr. Alford if he was a felon, to which he said yes. *Id*. After Mr. Alford made these statements, the arresting officer read him his *Miranda* rights, multiple minutes after the arrest took place. *Id*. Just before this interrogation, two other JPSO deputies began searching Mr. Alford's vehicle. Exhibit 3 at 3:02. They were later joined by the arresting officer after he concluded his questioning of Mr. Alford. Exhibit 4 at 1:34. The deputies did not have a search warrant. *See* Exhibit 1 at 8-9. The search of Mr. Alford's car resulted in the seizure of marijuana, two firearms, and two cellphones. *Id*. at 9. Mr. Alford was later booked on charges, including traffic violations, flight-related offenses, PWID marijuana, and firearm possession. *Id*. at 9.

## II.     Legal Framework

A. *Fifth Amendment and* Miranda.

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." It thus bars the use of statements that were made by a criminal defendant involuntarily. *See, e.g., United States v. Patane*, 542 U.S. 630, 640 (2004). In light of the inherently coercive nature of police custody, and to safeguard these Fifth Amendment rights, individuals questioned in custody must be told that they have a right to remain silent; that anything they say may be used against them in court; that they are entitled to the presence of an attorney during questioning; and that if they cannot afford an attorney, one will be provided. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966).

"*Miranda* warnings must be administered prior to 'custodial interrogation.'" *United States v. Bengivenga*, 845 F.2d 593, 595 (5th Cir. 1988) (citing *Miranda*, 384 U.S. at 479). "In order to use an in-custody statement against a defendant, the government must demonstrate that the defendant was warned of his right to remain silent and his right to consult with an attorney." *United States v. Anderson*, 755 F.3d 782, 790 (5th Cir. 2014) (citing *Miranda*, 384 U.S. at 471). A suspect is "in custody" for *Miranda* purposes "when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement to the degree which the law associates with formal arrest." *United States v. Cavazos*, 668 F.3d 190, 193 (5th Cir. 2012) (quoting *Bengivenga*, 845 F.2d at 596).

B. *Fourth Amendment*

"The Fourth Amendment proscribes 'unreasonable searches and seizures.'" *United States v. Oliver*, 630 F.3d 397, 405 (5th Cir. 2011) (quoting U.S. Const. amend. IV) "A warrantless search is presumptively unreasonable unless it falls within an exception to the Fourth Amendment's warrant requirement." *United States v. Guzman*, 739 F.3d 241, 245-46 (5th Cir. 2014). The government bears the burden of proving that a warrantless search or seizure falls within an exception to the warrant requirement. *United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993).

### III. Officers conduct an unconstitutional interrogation, in violation of Mr. Alford's Fifth Amendment rights.

The interrogation that took place inside the arresting officer's car did not adhere to the principles outlined in *Miranda* and must be suppressed. At the time of the questioning,

Mr. Alford was clearly in custody. Exhibit 2 at 3:28; *Cavazos*, 668 F.3d at 193. The arresting officer then initiated an interrogation when he asked Mr. Alford if "[he] had anything else on him," a question which would be plainly understood by any reasonable person under custodial arrest to be asking if they had any illegal contraband. *See id*. In response, Mr. Alford confessed that there were two guns in his car. *Id*. In response to this answer, the arresting officer then asked for yet more incriminating information, whether Mr. Alford was a felon. *Id*. Only after Mr. Alford answered yes, did the officer then read him the *Miranda* warning. *Id*. This prior interrogation was done without adequate warning and without any express waiver of Mr. Alford's rights, and thus the statements must be suppressed.

### IV. Officers conduct an unconstitutional search, in violation of Mr. Alford's Fourth Amendment rights.

Additionally, the officers searched Mr. Alford's car without a warrant. Notably, the officers began their search before Mr. Alford's statement that he was a felon and that firearms were in the car. *Compare* Exhibit 2 at 3:28 (timestamped 12:54:19) and Exhibit 3 at 3:05 (timestamped 12:53:59). Therefore, Mr. Alford's statement cannot provide probable cause for the search because a search must be justified at its inception. *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985). Accordingly, the police cannot justify their warrantless search of Mr. Alford's car, and the court must find the search of the car unreasonable and suppress any evidence found as a result of the search.

**V.     Conclusion**

For the reasons discussed above, Mr. Alford respectfully requests that this Court suppress all evidence and fruits discovered through the illegal search of his car, as well as his statements given to police prior to being *Mirandized*. Alternatively, he requests an evidentiary hearing to address the constitutional issues discussed above.

Respectfully submitted, this 14th day of July, 2025.

>                              CLAUDE J. KELLY
>                              Federal Public Defender
>
>                              /s/Maura M. Doherty
>                              MAURA M. DOHERTY
>                              Assistant Federal Public Defender
>                              500 Poydras Street, Suite 318
>                              New Orleans, Louisiana 70130
>                              Telephone: (504) 589-7930
>                              E-mail: maura_doherty@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Troy Bell, Assistant United States Attorney, 650 Poydras Street, New Orleans, Louisiana 70130.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/Maura M. Doherty
MAURA M. DOHERTY
Assistant Federal Public Defender