**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 24-245** |
| **KERNELIUS ALFORD** | **SECTION: D(1)** |

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Dismiss Count Three and Count Six of the Superseding Indictment[1] filed by Defendant Kernelius Alford. The United States of America has filed an Opposition to the Motion.[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2024, Kernelius Alford was indicted by a Grand Jury on a six-count Indictment for possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of  18 U.S.C. § 924(c)(1)(A)(i); possession with intent to distribute a controlled dangerous substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and (b)(2); and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[3] Regarding the charges of being a felon in possession of a firearm in Counts Three and Six of the Indictment, the Indictment alleges that the Defendant knowingly possessed a firearm

---

[1] R. Doc. 35.
[2] R. Doc. 42.
[3] R. Doc. 7.

after having been convicted of a crime punishable by more than one year of imprisonment, specifically, a March 2010 Louisiana conviction for possession with intent to distribute cocaine, an April 2010 Louisiana conviction for possession of cocaine, a 2013 Louisiana conviction for distribution of a controlled dangerous substance within 2,000 feet of a drug free zone, and a 2013 Louisiana conviction for distribution of a controlled dangerous substance within 2,000 feet of a drug free zone.[4] He is currently awaiting trial on the federal charges brought in the December 2024 Indictment.[5]  On July 14, 2025, the Defendant filed the instant Motion to Dismiss The Indictment.[6]

The Defendant makes three main arguments in support of his Motion to Dismiss the Indictment: (1) that the United States Supreme Court's holdings in *New York State Rifle and Pistol Ass'n v. Bruen*[7] and *United States v. Rahimi*[8] dictate that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment both facially and as applied to Mr. Alford; (2) that the statute exceeds Congress's power to regulate under the Commerce Clause of the Constitution; and (3) that the statute is unconstitutionally vague.[9] The Defendant concedes that his first and second arguments are foreclosed by the Fifth Circuit's binding precedent.[10]

In support of his second argument that the statute is unconstitutionally vague, the Defendant argues the statute cannot be enforced against him because it fails to

---

[4] R. Doc. 7, at pp. 2-4.
[5] Trial is set for November 17, 2025. *See* R. Doc. 53.
[6] R. Doc. 35.
[7] 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022).
[8] 602 U.S. 680, 144 S.Ct. 1889, 219 L.Ed.2d 351 (2024).
[9] R. Doc. 35-1.
[10] *Id.*, at pp. 2-3.

provide fair notice of prohibited conduct and therefore is unconstitutional.[11] The Defendant advises that several courts have determined that certain subsets of felons fall outside the scope of § 922(g)(1). In light of these decisions from other courts, the Defendant concludes that "A statute that leaves 'grave uncertainty' about its reach cannot pass Due Process muster. . . Rather, a statute 'must be sufficiently focused to forewarn of both its reach and coverage."[12]

In response, the Government argues that the plain language of § 922(g)(1) defines the prohibited content "with sufficient definiteness" such that "a person of ordinary intelligence would have sufficient notice that [his or her] conduct falls within the scope of the statute."[13]

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  Federal Rule of Criminal Procedure 12(b)(3) then provides:

> **Motions that Must be Made Before Trial.**  The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonable available and the motion can be determined without a trial on the merits:
> . . .
> (B) a defect in the indictment, or information; including:
> . . .
> (v) failure to state an offense; . . .[14]

---

[11] *Id.* at p. 4.
[12] *Id., quoting United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29,33 (1963).
[13] R. Doc. 42 at p. 13.
[14] FED. R. CRIM. P. 12(b)(3)(B)(v).

When there is "a question of law presented in a case involving undisputed facts, under Rule 12 it "can be determined without a trial of the general issue."[15]

## III.    ANALYSIS

Pursuant to Rule 12, the Defendant's motion is timely filed.

### A.  Defendant's Argument that the Statute is Unconstitutional Both Facially and as Applied to Mr. Alford

The Defendant concedes that his first argument—that the statute is unconstitutional both facially and as applied to himself—is foreclosed by the Fifth Circuit's decisions in *United States v. Diaz* and *United States v. Kimble*. In *Diaz*, the Fifth Circuit held that the Defendant's facial challenge failed because he did not establish "that no set of circumstances exists under which the statute would be valid" because 18 U.S.C. §922(g)(1) was found to be constitutional as applied to his case.[16] In *Kimble*, the Court held that 18 U.S.C. §922(g)(1) was "constitutional as applied to defendants with predicate felonies for drug-trafficking offenses because of the intrinsic violence of the drug trade."[17] Because the Defendant's predicate felonies for §922(g)(1) as alleged in the indictment are felonies related to drug-trafficking offenses, the statute is constitutional as applied to Mr. Alford.[18] Both *Diaz* and *Kimble* remain binding precedent on this Court. Accordingly, the Defendant's first argument fails.

---

[15] *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005).

[16] *United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024), *cert. denied,* No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025).

[17] *United States v. Kimble*, 142 F.4th 308, 312 (5th Cir. 2025).

[18] R. Doc. 7, at pp. 2-3, 4.

### B. Defendant's Argument that the Statute Exceeds Congress's Power Under the Commerce Clause.

The Defendant further concedes that his second argument—that the statute exceeds Congress's power under the Commerce Clause—is foreclosed by the Fifth Circuit's decision in *United States v. Seekins*, in which the court held, "We have long held that § 922(g) can be constitutionally applied where the 'in or affecting commerce' element is proved by showing the firearm had previously traveled across state lines without regard to the defendant's conduct."[19] It further explained, "There is no additional requirement that, to apply the law constitutionally, the government must prove some economic activity beyond the interstate movement of the weapon."[20] That decision remains binding precedent on this Court. Accordingly, the Defendant's second argument fails.

### C. Defendant's Argument that 18 U.S.C. §922(g)(1) is Unconstitutionally Vague

The Defendant's final argument is that Counts Three and Six of the Superseding Indictment must be dismissed because the statute is unconstitutionally vague under the Fifth Amendment's Due Process Clause and violates separation of powers principles.

The Defendant argues that 18 U.S.C. §922(g)(1) is unconstitutional because it fails to provide fair notice of prohibited conduct. In support of this argument, the Defendant relies on decisions from several courts which deemed the statute

---

[19] *United States v. Seekins*, No. 21-10556, 2022 WL 3644185 at *2 (5th Cir. Aug. 24, 2022).
[20] *Id.*

unconstitutional as applied to certain subsets of felons.[21] The Defendant argues that this piecemeal approach leads to uncertainty and thus the statute is unconstitutionally vague. In response, the Government contends that "[W]hen a vagueness challenge does not involve First Amendment freedoms, we examine the statute only in light of the facts of the case at hand."[22]

Regarding vagueness challenges to criminal statutes, there is a "strong presumptive validity that attaches to an Act of Congress."[23] Furthermore, "statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language."[24]

First, the Defendant cannot demonstrate that the unconstitutionally vague in light of the facts of his case as is required by a vagueness challenge.[25] The Defendant has failed to establish that the Section 922(g)(1) has been held to be void for vagueness in the context of a defendant whose predicate conviction is one for drug trafficking.[26] As alleged in the indictment, the Defendant has four prior predicate convictions: a March 2010 Louisiana conviction for possession with intent to distribute cocaine, an April 2010 Louisiana conviction for possession of cocaine, a 2013 Louisiana conviction for distribution of a controlled dangerous substance within 2,000 feet of a drug free zone, and a 2013 Louisiana conviction for distribution of a

---

[21] R. Doc. 35-1 at 3.
[22] R. Doc. 42 at 13 (quoting *United States v. Edwards,* 182 F.3d 333, 335 (5th Cir. 1999)).
[23] *Skilling v. United States*, 561 U.S. 358, 403 (2010) (quoting *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963)).
[24] *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. at 32.
[25] *See Edwards* 182 F.3d at 335.
[26] *See United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009).

controlled dangerous substance within 2,000 feet of a drug free zone.[27] Each violation of these statutes is punishable by more than one year in prison.[28] The Defendant does not cite any particular language in the statute that amounts to uncertainty or fails to provide him with fair notice of the conduct proscribed by it, regarding those with similar predicate convictions. As a result, a person of ordinary intelligence, having been convicted of these offenses, would know, as a result of the statutory penalties for the offenses and as a result of the "intrinsic violence of the drug trade" that the possession of a firearm was illegal under federal law.[29] The Court determines that Section 922(g)(1) is not unconstitutionally vague as applied to the facts of this case.

Second, the Court agrees that both the Supreme Court's and the Fifth Circuit's jurisprudence creates no uncertainty as to the applicability of the statute in this case. The Defendant's "argument misunderstands a vagueness challenge because it challenges a Supreme Court ruling or rulings by other courts as vague instead of the law itself."[30] "A criminal statute survives our vagueness review if it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."[31] The Fifth Circuit has held that the Second Amendment permits "Congress to disarm classes of people it reasonably deems dangerous, and [that] § 922(g)(1)'s prohibition on gun possession by individuals

---

[27] R. Doc. 7 at pp. 2-4.
[28] La. R.S. 40:967(C); La. R.S. 40:981.3.
[29] *Kimble*, 142 F.4th at 312.
[30] *United States v. Conner*, No. 23-CR-54, 2023 WL 8474735, at *2 (E.D. La. Dec. 7, 2023) (internal citations omitted).
[31] *Edwards* at 335.

convicted of drug-trafficking felonies enacts such a disarmament regime" that is consistent with the Supreme Court's holding in *Bruen*.[32] Additionally, there is no support provided for the contention that jurisprudence can render an otherwise clearly defined statute unconstitutionally vague.

While the Defendant asserts that some courts have deemed § 922(g)(1) unconstitutional as applied, by definition, those determinations only apply to those individuals. Further, the Court notes that numerous district courts, post-*Bruen*, have rejected facial and as-applied challenges to the constitutionality of § 922(g)(1).[33] Even if a split in authority could render a statute unconstitutionally vague, it is unclear how the Defendant was not given fair notice that his conduct was prohibited when many courts still consider §922(g)(1) constitutional. For these reasons, the Defendant's vagueness challenge fails.

## IV.    CONCLUSION

For the foregoing reasons,

---

[32] *Kimble*, 142 F.4th at 314–15.

[33] *United States v. Johnson*, No. 22-CR-60, 2024 WL 3820380 (E.D. La. Aug. 14, 2024); *United States v. Ingram*, 623 F.Supp.3d 660 (D. S.C. 2022); *United States v. Cockerham*, No. 21-CR-6, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022); *United States v. Jackson*, No. 21-CR-51, 2022 WL 4226229 (D. Minn. Sept. 13, 2022); *United States v. Hill*, 629 F.Supp.3d 1027 (S.D. Cal. 2022); *United States v. Coombes*, 629 F.Supp.3d 1149 (N.D. Okla. 2022); *United States v. Collette*, 630 F.Supp.3d 841 (W.D. Tex. 2022); *United States v. Siddoway*, No. 21-CR-205, 2022 WL 4482739 (D. Idaho, Sept. 27, 2022); *United States v. Charles*, 633 F.Supp.3d 874 (W.D. Tex. 2022); *United States v. Price*, 635 F.Supp.3d 455 (S.D. W. Va. 2022)*; see also United States v. Gonzalez*, No. 22-CR-1242, 2022 WL 4376074 (7th Cir. Sept. 22, 2022); *United States v. Moore*, No. 23-CR-40, 2024 WL 2090150 (W.D. Pa. May 9, 2024).

   **IT IS HEREBY ORDERED** that Defendant Kernelius Alford's Motion to Dismiss Count Three and Count Six of the Superseding Indictment[34] is **DENIED**.

   New Orleans, Louisiana, September 25, 2025.

                              WENDY B. VITTER
                              **United States District Judge**

---

[34] R. Doc. 35.